In the Matter of the Application of DAVID WEXLER, Petitioner, for an Order against KENNETH DAYTON and Others, Respondents.*

Supreme Court, Special Term, New York County, August 9, 1938.

*Herman E. Cooper*, for the petitioner.

*William C. Chanler, Corporation Counsel [Edward J. McGratty* of counsel], for the respondents.

McGOLDRICK, J.   This is an application for a summary order under article 78 of the Civil Practice Act, sections 1283 *et seq.*, to provide petitioner with a mandatory salary increment as of March 9, 1938, in accordance with the provisions of New York City Local Law of 1936, No. 45.   There is no dispute about the facts.   Petitioner was appointed on March 9, 1937, as a bookkeeper, grade 1, in the department of finance.   On March 8, 1938, he had completed a year of service, but he was denied the increase because of, what he

*Affd., 255 App. Div. 567.

claims, an erroneous interpretation of the statute. Local Law of 1936, No. 45, now section B40–6.0 of the Administrative Code, so far as applicable to the situation, reads as follows:

" Employees; certain civil service; annual increment.— a. In each annual expense budget, there shall be included and provided annual salary increments of at least one hundred twenty dollars for each employee in the competitive class, as defined by section fourteen of the civil service law as more particularly hereinafter described and provided:

" 1. For each employee who has served at least one year in a grade or rank of a position in the graded service of the competitive class, the minimum annual salary of which is one thousand eight hundred dollars per annum or less, there shall be provided and paid an annual salary increment of at least one hundred twenty dollars until the maximum salary of the grade or rank shall have been reached."

The corporation counsel interprets this law to mean that unless an employee has actually completed one year's service at the time of the adoption of the annual expense budget, he cannot receive an increase. This construction is harsh and not justified. It would mean that one whose year of service was completed in December, 1937, for example, would be entitled to the increase, but one whose year was up on January 2, 1938, could receive none until a year later. How can such an interpretation be justified as the intent of the law? Respondents endeavor to do so by pointing to the immense amount of administrative difficulty in keeping track of months and fractions of months in determining the dates of anniversaries for purposes of computing different rates of compensation for the employee. They argue that the lawmakers could not have contemplated, in the absence of express language, the placing of an additional burden of administrative detail in connection with the preparation of the budget. The argument is without merit. The burden so eloquently described by the corporation counsel is largely imaginary. For many decades a system of annual increments has been in force in the education department, and there have been no complaints of difficulties in preparing the educational budget by reason of an anniversary for an increment falling on an odd day in the month.

The failure to allow the increase on the anniversary date is not only discriminatory as between the same class of employees, but the discrimination becomes cumulative as the employee advances in his service into the higher increments.

The motion is granted peremptorily. Settle order.